UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH JOHN DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO.** |
| **PFIZER, INC.** | **JUDGE:** |
| | **MAG. JUDGE:** |
| | **JURY TRIAL REQUESTED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE UNITED STATES DISTRICT COUR FOR THE EASTERN DISTRICT OF LOUISIANA, AND THE JUDGES THEREOF:**

The Compliant of Keith John Davis, a person of majority age domiciled in the State of Louisiana, with respect represents:

1.

Made defendant herein is Pfizer, Inc. (hereinafter Pfizer or defendant), a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York and doing business within the State of Louisiana and this judicial district at all material times.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over defendant in this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff and defendant and because the amount in controversy between plaintiff and defendant exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

3.

Venue is proper within this district pursuant to 28 U.S.C. §1391 because plaintiff resides in this district, defendant has significant contacts with this district by virtue of doing business herein and because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## FACTUAL BACKGROUND

4.

Defendant designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled and/or sold its drug LIPITOR to the general public, including plaintiff.

5.

Lipitor is a HMG-CoA reductase inhibitor and a member of the drug class known as statins.

6.

Lipitor is prescribed to reduce the amount of cholesterol and other fatty substances in the blood.

7.

Parke-Davis Pharmaceutical Research, a division of Warner-Lambert Company obtained approval from the Food & Drug Administration (FDA) to market Lipitor on December 17, 1996. Warner-Lambert entered into a co-marketing agreement with Pfizer to sell Lipitor, and thereafter those companies began distributing and selling Lipitor throughout the United States and this judicial district in 1997.  On June 19, 2000, Pfizer acquired Warner-Lambert and all rights to Lipitor.

8.

Despite its knowledge of data indicating that Lipitor use is causally related to the development of Type 2 diabetes and/or blood glucose levels diagnostic for Type 2 diabetes, Pfizer promoted and marketed Lipitor as safe and effective for persons such as plaintiff throughout the United States, including this judicial district.

9.

On August 11, 2011, the Division of Metabolism and Endocrinology Products of the FDA requested that defendant make labeling changes for Lipitor based upon the FDA's comprehensive review, including clinical trial data.

10.

In February, 2012, Pfizer complied with the FDA request and added the following language to its warnings and precautions section:

> Increases in HbAlc and fasting serum glucose levels have been reported with HMG-CoA reductase inhibitors, including Lipitor.

11.

Until the February, 2012 change, Lipitor's label had never warned patients of any potential relation between changes in blood sugar levels and taking Lipitor.

12.

Despite the February, 2012 label change, Lipitor's label continues to fail to warn consumers of the serious risk of developing Type 2 diabetes per se when using Lipitor.

13.

At all material times hereto, defendant knew or should have known that the risks of Lipitor included the severe and life threatening complications of Type 2 diabetes.

14.

At all times material hereto, defendant, by and through its agents, servants, and/or employees, negligently, recklessly and/or carelessly marketed, distributed, and/or sold Lipitor without adequate instructions or warnings of the drug's serious side effects and unreasonably dangerous risks.

15.

Plaintiff was prescribed Lipitor and used it as directed beginning in approximately 1999.

16.

Plaintiff was prescribed Lipitor to lower his levels of low-density lipoprotein (LDL) and as a primary prevention measure to decrease his risk of developing cardiovascular disease (CVD).

17.

Plaintiff was very healthy prior to taking Lipitor, exercised 4 to 5 times per week, never used tobacco and maintained a healthy diet.

18.

In keeping with his healthy and proactive lifestyle, plaintiff agreed to initiate Lipitor treatment in an effort to reduce his risk of developing heart disease.  He relied on claims by Pfizer that Lipitor has been clinically shown to reduce the risk of developing heart disease.

19.

Despite his healthy weight, diet and regular exercise and otherwise continuously healthy lifestyle, plaintiff developed Type 2 diabetes after initiating his Lipitor treatment.

20.

Plaintiff was diagnosed with Type 2 diabetes sometime in 2011 while still taking Lipitor. Plaintiff was unaware of the causal link between Lipitor and Type 2 diabetes until he saw a television commercial on or about February 1, 2013.

21.

As a result of the Type 2 diabetes condition, plaintiff must undergo regular testing of his blood glucose levels, adhere to a restrictive diabetic diet and take medication to control his diabetes for the rest of his life. Due to his diabetes, he is now at markedly increased risk of heart disease, blindness, neuropathy and kidney disease.

22.

Had defendant properly disclosed the risks associated with Lipitor, plaintiff would have avoided the risk of diabetes by either not using Lipitor at all or by closely monitoring his blood glucose levels to see if the drug was adversely affecting his metabolism.

23.

As a direct and proximate result of the negligence and wrongful conduct described herein, and the unreasonably dangerous and defective characteristics of the drug Lipitor, plaintiff has suffered the following damages:

   a) Permanent onset of Type 2 diabetes;
   b) Past, present and future pain and suffering;
   c) Past, present and future mental fear and anxiety; and
   d) Past, present and future medical care and treatment including but not limited to expenses for doctors, monitoring and pharmaceutical costs.

## COUNT I

## DEFECTIVE PRODUCT AND MATERIALS, COMPOSITION AND/OR MANUFACTURE

24.

Plaintiff re-alleges and re-avers all prior numbered paragraphs as if re-pled herein in their entirety.

25.

Defendant is liable to the plaintiff for damages sustained based on an unreasonably dangerous condition in its product due to defects in materials, composition and/or manufacture under the Louisiana Products Liability law.

26.

Plaintiff alleges that defendant manufactured Lipitor with materials, composition, construction and/or manufacture such that at the time the product left defendant's control, the product deviated in a material way from defendant's specifications and/or performance standards for the products.

## COUNT II

## BREACH OF EXPRESS WARRANTY

27.

Plaintiff re-alleges and re-avers all prior numbered paragraphs as if re-pled herein in their entirety.

28.

Defendant made express warranties with respect to Lipitor intended to induce the sale of the drug to persons such as plaintiff under the Louisiana Products Liability law.

29.

Such affirmations related to the qualities and characteristics of the drug regarding the drug's design, manufacture, composition and safety, as well as the suitability of the drug for ingestion by plaintiff.

30.

The above-said affirmations became part of the bases of the bargain involving sale of the drug for ingestion by plaintiff.

31.

Defendant breached the expressed warranty and the Louisiana Products Liability law related to Lipitor in that the above-said affirmations were not true and/or that the problems with Lipitor as outlined above constitutes a breach of said warranty.

32.

Plaintiff has suffered harm as a direct and proximate result of the defendant's breach of warranty, that being development of Type 2 diabetes.

## COUNT III

## DESIGN DEFECT

33.

Plaintiff re-alleges and re-avers all prior numbered paragraphs as if re-pled herein in their entirety.

34.

Defendant is liable to the plaintiff for damages under the Louisiana Products Liability law sustained based on the ground that the product was unreasonably dangerous in its design and

there existed known reasonable alternative designs for this product that would have prevented plaintiff's injury and damages.

## COUNT IV

## **FAILURE TO WARN**

35.

Defendant became aware of the significant complaints regarding Lipitor and its causal relationship with Type 2 diabetes since at least 2011 and, despite this knowledge, failed to adequately warn patients such as plaintiff and/or his treating physicians concerning the increased risk of damage and injury to plaintiff as the result of the known defective condition of Lipitor. Plaintiff was not advised of the defective condition of Lipitor and the related complications in the form of Type 2 diabetes suffered by plaintiff until February 1, 2013.

36.

As a result of the defendant's failure to timely warn plaintiff of the defective condition of Lipitor, there was no effort to closely monitor the condition of plaintiff throughout the years that plaintiff took Lipitor. Additionally, plaintiff would not have ingested Lipitor had defendant properly warned plaintiff or his treating physicians of the defective condition of the drug.

37.

Plaintiff has suffered harm as a direct result of defendant's failure to warn under the Louisiana Products Liability Act, that being development of Type 2 diabetes.

## COUNT V

## PUNITIVE DAMAGES UNDER NEW YORK LAW

38.

Plaintiff re-alleges and re-avers all prior numbered paragraphs as if re-pled herein in their entirety.

39.

The conduct of the defendant constitutes willful, wanton and/or reckless conduct under New York law, the state where the defendant resides and/or where the wrongful conduct occurred.

40.

Under Louisiana Choice of Law articles, plaintiff specifically claims entitlement to punitive and/or exemplary damages against the defendant pursuant to New York law.

## JURY DEMAND

41.

Plaintiff demands trial by jury on all claims and causes of action asserted herein.

**WHEREFORE**, plaintiff Keith John Davis prays that defendant Pfizer, Inc. be duly cited and served with a copy of this complaint and after due proceedings had there be judgment rendered in favor of plaintiff and against Pfizer, Inc. in an amount sufficient to adequately compensate plaintiff for his damages, along with punitive damages to punish the defendant for its willful misconduct, together with legal interest on all amounts to which legal interest may attach from date of judicial demand until paid, for all costs of this law and for any and all general and equitable relief to which this plaintiff may be entitled herein and for a trial by jury.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
BETH E. ABRAMSON (#27350
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
TEL:  (504) 588-1500
FAC: (504) 588-1514
Sterbcow@lksalaw.com
babramson@lksalaw.com


BYRON BONCK #17919
5020 Utica Street, Suite 100
Metairie, LA 70006
Telephone: 504-456-1995
Byronbonck@cox.net


**PLEASE SERVE:**

**PFIZER, INC.**
235 East 42nd Street
New York, New York 10017
Through the Louisiana Long Arm Statue, LSA-R.S. 13:3201,
Pursuant to Section 3204 of Title 13