IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEITH JOHN DAVIS, | * | Civil Action No. 2:14-cv-00161 |
| | * | |
| Plaintiffs, | * | |
| | * | Judge Susie Morgan |
| vs. | * | |
| | * | |
| PFIZER INC., | * | Magistrate Daniel E. Knowles, III |
| | * | |
| Defendant. | * | |
| | * | |

*******************************************

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

Whereas, the parties to this Confidentiality and Protective Order (the "parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 7th day of ___July___, 2015, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior

designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.**  Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.

4. **Depositions.**  Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within thirty (30) business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.  Until the expiration of the 30-day period, the entire deposition will be treated as confidential.

5. **Protection of Confidential Material.**

   a. **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

   b. **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(6) below, and then, except as to counsel of record and their direct employees, only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is

bound by it.  Subject to these requirements, the following categories of persons (hereinafter, "Qualified Persons") may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

>   (1)   counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

>   (2)   parties and employees of a party to this Order where the employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

>   (3)   court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

>   (4)   consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

>   (5)   where the confidential information is a plaintiff's medical records, that plaintiff's treating physicians, nurse practitioners, or other medical professionals who treated the plaintiff; and

>   (6)   persons noticed for deposition or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, only pursuant to paragraph 5.c. below.

>   c.   **Use in Depositions or With Trial Witnesses.**  A deponent or a witness at deposition, trial or hearing, other than those who are otherwise covered by paragraphs 5.b.(2) or 5.b.(4) above may be allowed to review documents that have been designated CONFIDENTIAL where there is a reasonable basis to believe that disclosure is necessary to prepare the witness for

the testimony, and only to the extent reasonably necessary to prepare the witness.  If a party wishes to show confidential information to such a deponent or witness before or during a deposition, hearing, or trial, the party shall obtain each such witness's endorsement of the protective order in advance of the deposition, hearing, or trial (in the form set forth at Attachment A hereto), and shall notify the producing party at least ten (10) days prior to the deposition if it has been unable to obtain that witness's endorsement.  Either party may then move the Court for an order allowing the use of confidential materials at a deposition including an order directing that the witness abide by the terms of the protective order, and no confidential document shall be shown to the deponent until the Court has ruled.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form described, and otherwise comply with the provisions in paragraph 5.b.  While a deponent is being examined about any confidential materials or the confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.  The parties agree that this provision does not preclude the producing party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or motion.

        d.    **Non-Disclosure to Competitors.**  Notwithstanding the foregoing, without express written consent, in no event shall any disclosure of confidential information be made to any competitor of a defendant producing party or to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of or consultant doing research on statin drugs for a competitor of a defendant producing party irrespective of whether such competitor or person is retained as an expert in this action.  "Competitor" shall mean any

manufacturer of or manufacturer involved in the sale of any statin medication or current employee of such entity.  If a party seeks to disclose confidential information to a Competitor of a producing defendant, the party seeking disclosure shall follow the notice provisions set forth in paragraph 8 below.

    e. **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

    f. **Storage and Transmission of Documents.**  To avoid security risks currently inherent in certain current technologies and to facilitate compliance with the terms of this Order, and unless the party whose confidential information is at issue agrees otherwise in writing, and except as set forth immediately below with respect to limited electronic mail communications, all Qualified Persons with access to confidential information shall be and are prohibited from storing or transmitting any confidential information in or via any online or web-based storage location or service, when such storage location or service is managed or maintained by any third-party service provider, including any provider of so-called "cloud computing" services, other than a reputable litigation support service provider with a secure document hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration concerning said documents amongst only authorized counsel and that does not employ so-called "cloud computing" services.  Notwithstanding the foregoing provision, a Qualified Person, as defined above, shall not be prohibited from transmitting to any other Qualified Person a reasonably limited number of files containing Confidential Information

through electronic mail, as attachments to an electronic mail in the form of separate PDF files (and not as zip files or links to files), as long as the person transmitting the files takes reasonable steps to protect the confidentiality of the files.

   g. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

   6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in the applicable local rules. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be

filed under seal only with the permission of the court after proper motion pursuant to the applicable local rules.

7. **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.**  A receiving party may challenge a producing party's confidentiality designation by notifying the producing party, in writing, of its good faith belief that the confidentiality designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) business days of receiving such a challenge, the basis of the designation.  If that does not resolve the dispute over the designation, then either party may apply to the Court for a determination as to whether the designation is appropriate.  The burden of proof as to a designation of confidential information rests on the producing party to demonstrate that such designation is proper.  Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Inadvertent Production of Confidential Information.**  Inadvertent or mistaken production of any document or information without a designation as confidential information will not be deemed to waive a later claim to its confidential nature or preclude the producing party from designating said document or information as confidential at a later date.  A producing party may designate as confidential information or withdraw a confidential information designation from any material that it has produced, provided that such re-designation shall become effective only after such re-designation.  Upon such re-designation, the receiving party

shall:  treat such document or information as re-designated pursuant to the terms of this Order; take reasonable steps to notify any persons known to have possession of such material of such re-designation under this Order; and promptly endeavor to procure all copies of such materials from persons known to have possession of such material who are not entitled to receipt of it pursuant to this Order.

10. **Inadvertent Production of Work-Product or Privileged Material.**  Inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively, "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the producing party shall notify the receiving party in writing as set forth herein.  In the event that a party inadvertently or mistakenly produces documents or ESI subject to a claim of privilege, the producing party shall, within ten (10) days of the discovery of the inadvertent or mistaken disclosure, notify the other party in writing of the inadvertent or mistaken disclosure.  The producing party may, in the notice, request a "clawback" of the inadvertently or mistakenly disclosed material.  The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties.  All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not

use them pending resolution of the motion.  If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph.  No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court.  The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent or mistaken production, move the Court to dispute the claim of privilege.

11.    **Treatment on Conclusion of Litigation.**

a.    **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.    **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5.g.) shall be returned to the producing party unless:  (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  This work product continues to be Confidential under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

12. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed the motion for entry of this Order and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

*Daniel E. Knowles, III*

Daniel E. Knowles, III
UNITED STATES MAGISTRATE JUDGE

New Orleans, Louisiana this 7th day of July, 2015.

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND AGREEMENT TO BE BOUND**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| KEITH JOHN DAVIS, | * | Civil Action No. 2:14-cv-00161 |
| | * | |
| Plaintiffs, | * | |
| | * | Judge Susie Morgan |
| vs. | * | |
| | * | |
| PFIZER INC., | * | Magistrate Daniel E. Knowles, III |
| | * | |
| Defendant. | * | |
| | * | |

*******************************************

    The undersigned hereby acknowledges that he or she has read the Confidentiality and Protective Order dated _____, in the above captioned actions, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Louisiana in matters relating to the Confidentiality and Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

    The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  _____
                                                                          Signature